TOWN OF KEARNY, PROSECUTOR, v. DIVISION OF TAX APPEALS, DEPARTMENT OF TAXATION AND FINANCE, AND PUBLIC SERVICE ELECTRIC AND GAS COMPANY, RESPONDENTS.

Argued May 5, 1948—Decided September 10, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Louis J. Miller* (*Joseph L. Lippman* and *Herbert H. Fine*, of counsel).

For the respondents Public Service Electric and Gas Company, *William H. Speer* and *Joseph V. Suter*.

The opinion of the court was delivered by

WACHENFELD, J. These proceedings bring up for review a judgment of the Division of Tax Appeals relating to an assessment for the year 1945 upon improvements located in the Town of Kearny. These improvements consist of twelve buildings, three bridges between the buildings, and yard improvements, all comprising the Kearny generating station of the Public Service Electric and Gas Company. The land valuation is not contested.

The assessment upon these improvements was set at $7,425,000 by the Town of Kearny. The company appealed to the County Board, which, in the absence of any expert testimony on behalf of the town, heard testimony concerning valuation submitted by the taxpayer's expert witness and reduced the assessment to $4,614,600. The municipality appealed to the Division of Tax Appeals and for the first time produced expert proof as to valuation. The reduction by the County Board was affirmed.

Article 4, section 7, paragraph 12, New Jersey Constitution of 1844, as amended, established true value as the basis for assessment for taxes, which means fair market value as of the assessment date. *R. S.* 54:4–23; *Charles Warner Co.* v. *State Board of Taxes, &c.,* 1 *N. J. Mis. R.* 26.

This court has the burden of evaluating the evidence and determining the facts and the *quantum* of assessment in accordance with the constitutional and statutory standards, *R. S.* 2:81–8; *R. S.* 54:4–58, 59, 62; *Jersey City* v. *Sun Holding Co.,* 134 *N. J. L.* 119, but determinations of fact by the State Board will not be disturbed unless the evidence is persuasive that there was error. *Tennant* v. *Jersey City,* 122 *Id.* 174; *affirmed,* 123 *Id.* 200; *Plainfield* v. *State Board of Tax Appeals,* 19 *N. J. Mis. R.* 313; *Haworth* v. *State Board of Tax Appeals,* 127 *N. J. L.* 67; *Prudential Insurance Com-*

*pany of America* v. *Division of Tax Appeals,* 133 *Id.* 153; *Atlantic City Electric Co.* v. *Egg Harbor Township,* 135 *Id.* 60.

Expert witnesses for both sides sought to arrive at the true value of the improvements by reproduction cost depreciated. They agreed the average construction date for all the structures was 1926 and the average age as of October 1st, 1944, the assessing date, was eighteen years. They also agreed that the depreciation factor of two per cent. per annum was proper.

Disagreement arises primarily as to the proper method of calculating reproduction cost. Two experts for the municipality submitted a jointly written appraisal in which they multiplied the cubical dimensions of the structures, which in most instances are the same figures as the company's, by unit costs as of the assessing date. In this manner a reproduction cost of $11,459,853 was obtained, which, when depreciated, produced a valuation of $7,334,306.

The expert witness for the company estimated the true value of the improvements upon an appraisal dated as of January 1st, 1935, made by a detailed list of the quantity and unit cost of each item purportedly entering into the construction of each building. Although this had been prepared for rate-making purposes, the witness testified it was a quantity survey and would have been the same if originally prepared for tax valuations. By application of an index number of 1.386, designed to take into account increased construction costs up to the assessing date, a reproduction cost figure of $6,700,028, including net additions, was obtained. Using substantially the same depreciation factor as the expert for the municipality, this witness testified to a figure of $4,250,000 as the true value of the structures under consideration.

Reproduction cost depreciated, in the absence of evidence of sales of the same or comparable improvements, while not conclusive, is a persuasive factor in the determination of fair value. *Harborside Warehouse Co., Inc.,* v. *Jersey City,* 128 *N. J. L.* 263; *affirmed,* 129 *Id.* 62; *Hackensack Water Co.* v. *State Board of Tax Appeals,* 129 *Id.* 535; *affirmed,* 130 *Id.* 483. However, mathematical computations in appraisals, though in the best of faith, can lead to divergent results and

should be closely scrutinized. *Plainfield* v. *State Board of Tax Appeals, supra; Haworth* v. *State Board of Tax Appeals, supra.*

The appraisal of the municipality finds some support in the original costs of the improvement and in the tax history, but the query is whether the entire proof is persuasive that there was error by the State Board, for unless there was its determination will not be disturbed.

The presumption is that the finding of the State Board of Tax Appeals is correct and the burden is upon the prosecutor to show otherwise. *Garfield* v. *State Board of Tax Appeals,* 131 *N. J. L.* 364.

It is contended by the prosecutor that its witnesses are entitled to greater credibility because they employed the "standard method" as compared with the "index number method" used by the respondent's witness. We have examined the record with great care and cannot be persuaded to that conclusion.

The proofs sustain the assessed value as determined by the Board and the decision of the State Board is a complete affirmance of that reached by the County Board. Our study brings forth no adequate reason for disturbing it.

The judgment of the State Board will be affirmed and the writ of *certiorari* dismissed.

Mr. Justice Heher dissents.